[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Court was in the process of deciding the case by a final memorandum of decision. It has just come to my attention that apparently the approach I took at the trial was improper.
At the trial in an attempt of the Plaintiff to show damages he offered to have a witness testify, one Michael J. Turner, on the issue of his damages that is the damages of the trust. There is a quotation from I. R. Stitch Associates versus Town Council, I believe that's West Hartford, 155 Connecticut; page one, page three, from 1967 the Court said, "It is not necessary for one who claims to have been aggrieved by the action of a planning or zoning authority to establish his aggrievement before the board conducting the hearing.
A person does not become aggrieved until the board has acted. Upon appeal he must establish his aggrievement, and the Court must decide whether he has sustained the burden of proving that fact." That is a quotation from Stitch case. Later in Hall versus Planning Commission, 181 Connecticut; 442 at page 444, is where that citation from Stitch comes from and it is apparent from the Hall case, the Court is not limited to the record before the Planning Commission on the issue of aggrievement.
As stated before, this court imprudently cut off the proposed testimony of Mr. Turner, a person characterized as a professional engineer, who studied the sufficiency of the storm water drainage system to accommodate storm water and its run-off which would be generated by the proposed sub-division and all of CT Page 3526 this on the issue of aggrievement.
The Court opens the hearing for the purposes of allowing the Plaintiff Trust to offer the testimony of Engineer Turner, or any other engineer, should Mr. Turner now not be available, on that subject for which it was offered. The Court regrets any inconvenience to counsel.
SULLIVAN, JUDGE
This is to certify that the foregoing is a true and accurate transcript from the electronic recording of the proceedings dictated to me on November 5, 1990 by the Honorable Thomas J. Sullivan, in open court.
LOUELLA JACKSON COURT RECORDING MONITOR